# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0289V
UNPUBLISHED

| | |
|---|---|
| KIMBERLY SALINO and MICHAEL SALINO, parents and natural guardians of M.S., a minor,<br><br>       Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: January 6, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Measles Mumps Rubella (MMR) Vaccine; Thrombocytopenic Purpura (ITP) |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioners.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 13, 2020, Kimberly Salino and Michael Salino ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of their child, M.S., alleging that M.S. suffered immune thrombocytopenic purpura ("ITP") which meets the Table definition for ITP after receiving the measles, mumps, and rubella ("MMR") vaccine on March 17, 2017. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 23, 2020, a ruling on entitlement was issued, finding Petitioners entitled to compensation for M.S.'s ITP. On January 6, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded compensation in the amount of $1,340.40 for past unreimburseable expenses, $1,340.40 for unreimbursable future expenses, and $115,000.00 to purchase an annuity contract as described in II.C. for pain and suffering. Proffer at 2-3. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

A. **A lump sum in the amount of $2,680.80, representing compensation in the amounts of $1,340.40 for actual unreimbursable expenses and $1,340.40 for projected unreimbursable expenses, in the form of a check payable to Petitioners; and**

B. **A lump sum of $115,000.00 to purchase the annuity contract described in Section II.C of the Proffer, representing compensation for pain and suffering.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

          **s/Brian H. Corcoran**
          Brian H. Corcoran
          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| KIMBERLY SALINO and MICHEAL SALINO, parents and natural guardians of M.S., a minor, ) ) ) ) | |
| Petitioners, ) ) | |
| v. ) ) | No. 20-289V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Procedural History**

On March 13, 2020, petitioners filed a petition on behalf of M.S., a minor child, for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 et seq. ("Vaccine Act" or "Act"). Petitioners allege that M.S. suffers from immune thrombocytopenia purpura ("ITP") as a result of a measles, mumps, and rubella ("MMR") vaccine administered to M.S. on March 17, 2017. ECF No. 1. On September 23, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) report concluding that petitioners have satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI"), which afford petitioners a presumption of causation because the onset of M.S.'s ITP occurred within seven to thirty days after MMR vaccination and there is not an alternative cause. 42 C.F.R. § 100.3(a)(I)(D), (a)(II)(D), (a)(XVI)(C), (c)(13), and on the same day the Chief Special Master issued a Ruling on Entitlement finding petitioners entitled to compensation. ECF No 19. 20. 23.

**II.     Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

    A.    Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to M.S.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $1,340.40, in the form of a check payable to petitioners. Petitioners agree.

    B.    Future Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of future unreimbursable expenses related to M.S.'s vaccine-related injury. Respondent proffers that petitioners should be awarded future unreimbursable expenses in the amount of $1,340.40, in the form of a check payable to petitioners. Petitioners agree.

    C.    Pain and Suffering

For past pain and suffering, respondent proposes an amount not to exceed the sum of $115,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which

---

[1] Should M.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

the annuity will be purchased,[4] subject to the conditions described below. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will provide payments to M.S. as set forth below:

1. A certain Lump Sum of $60,074.60 payable on October 23, 2033.
2. A certain Lump Sum of $69,617.89 payable on October 23, 2036.
3. A certain Lump Sum of $80,560.69 payable on October 23, 2039.

The purchase price of the annuity described in this section II.C. shall neither be greater nor less than $115,000.00. In the event that the cost of the certain annuity payments set forth above varies from $115,000.00, the certain lump sum payment due on October 23, 2039, listed above, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $115,000.00. Should M.S. predecease any of the certain annuity payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of M.S.'s death.

The amounts set forth in sections II.A., II.B. and II.C., supra, represent all elements of compensation to which M.S. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners

---

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-20-289.

agree.[5]

### III. Summary of Recommended Payments Following Judgment

    A.     A lump sum payment of **$1,340.40** for past unreimbursable expenses.

    B.     A lump sum payment of **$1,340.40** for future medical expenses; and

    C.     An amount of **$115,000.00** to purchase the annuity contract described above in section II.C.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

<u>s/ Ronalda E. Kosh</u>
RONALDA E. KOSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4476
Email: ronalda.kosh@usdoj.gov

DATED: January 6, 2023

---

[5] At the time the first annuity payment set forth in section II.C. is received, M.S. will be an adult, thus guardianship is not required.